IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| W.H. MIDWEST, LLC <br> D.B.A. WAYNE HOMES <br>       Plaintiff, <br>     v. <br> A.D. BAKER HOMES, INC., <br> CODY OCHSENBINE, JOAN <br> OCHSENBINE, AND UNKNOWN <br> ARCHITECT NUMBER 1 <br>       Defendants. | : <br> : <br> : Case No. 2:18-cv-1387 <br> : <br> : CHIEF JUDGE ALGENON L. MARBLEY <br> : <br> : Magistrate Judge Deavers. <br> : <br> : <br> : <br> : <br> : <br> : |

## **OPINION & ORDER**

This matter comes before the Court on Defendants' A.D. Baker Homes, Inc. ("A.D. Baker") and Cody and Joan Ochsenbine ("Ochsenbines") Motions to Dismiss. (ECF Nos. 7, 9), and Plaintiff's Answer to Defendants' Counterclaims requesting dismissal of such claims. (ECF Nos. 10, 11). Defendant A.D. Baker also filed a Supplemental Motion to Dismiss. For the reasons below, Defendants' Motions to Dismiss are **GRANTED in part** and **DENIED in part**. Plaintiff's Motion to Dismiss Defendants' counterclaims are **GRANTED in part** and **DENIED in part**.

### I.     BACKGROUND

#### A.     Factual Background[1]

Plaintiff WH Midwest, LLC ("Wayne Homes") is an Ohio limited liability company doing business under the registered trade name "Wayne Homes." (ECF No. 1 at ¶ 1). Wayne

---

[1] In adjudicating this motion to dismiss, the Court accepts as true all well-pleaded factual allegations from the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

Homes is a residential builder that constructs and markets residential homes based on its architectural designs. (*Id.* at ¶ 2). Defendant A.D. Baker Homes, Inc., ("A.D. Baker") is a West Virginia corporation with its headquarters in West Virginia and which conducts business in the state of Ohio. (*Id.* at ¶ 4). Defendants Cody Ochsenbine and Joan Ochsenbine ("Ochsenbines") are individuals residing in St. Clairsville, Ohio. (*Id.* ¶ 3). Unknown Architect Number 1 is an individual or business engaged in providing architectural and design services and resides within the District. (*Id.* at ¶ 5).

The United States Copyright office issued copyrights to two non-party companies: the "Montgomery" design to New NV Co., LLC in 2009 and the "Alexandria" design to Wayne Homes LLC ("Delaware WH") in 2003. (ECF No. 1 at ¶¶ 8-9). New NV Co., LLC purchased the assets, including all architectural plans and designs, of Delaware WH in 2008. (*Id.* at ¶ 10). Plaintiff Wayne Homes then entered into a license agreement with New NV Co., LLC in January 2013, that gave Wayne Homes various rights to use the copyright registration and license of certain building plans and drawings, including the Alexandria and Montgomery designs. (*Id.* at ¶¶ 11-12).

The Ochsenbines visited a Wayne Homes model home center in August 2014, where they toured a model "Alexandria" home and took pictures throughout the house. (*Id.* at ¶ 15). In December 2015, the Ochsenbines requested pictures of the guest bathroom of the model house via an online chat and Wayne Homes supplied them with such. (*Id.* at ¶¶ 16-18). The Ochsenbines visited the Wayne Homes model center again in February 2016 and requested to see the Alexandria model. (*Id.* at ¶ 20). In March 2016, The Oschenbines told a Wayne Homes representative via an online chat they were interested in the Montgomery Craftsman model,

pointing to a picture of it on the Wayne Homes website, and requested information on the colors used in the model, which the Wayne Homes Representative gave them. (*Id.* at ¶¶ 21-23).

Ultimately, the Ochsenbines hired A.D. Baker, not Wayne Homes, to construct a custom home for them. (*Id.* at ¶¶ 26-29). In August 2016, a Wayne Homes sales person contacted the Ochsenbines and were told they ended up going with another builder. (*Id.* at ¶ 28). Based upon photos of the home throughout construction shared by A.D. Baker on its website and social media, Wayne Homes came to believe that the Ochsenbines' new custom home was suspiciously similar on the interior to the Alexandria Model and on the exterior to the Montgomery Craftsman model's elevation. (*Id.* at ¶¶ 26-27, 32). It eventually concluded that the Ochsenbines had shared the copyrighted material given them by Wayne Homes with A.D. Baker and its unknown architect to design and build the house in an infringing manner. (*Id.* at ¶¶ 33-35).

### B. Procedural History

On November 7, 2018, Wayne Homes filed this action against the Ochsenbines, A.D. Baker, and the unknown architect who designed the home for copyright infringement, unfair competition, and unjust enrichment. (ECF No. 1). The Ochsenbines and A.D. Baker both filed Motions to Dismiss the copyright infringement claim on January 7, 2019, arguing that Wayne Homes had not stated a claim upon which relief could be granted, that Wayne Homes had given away their copyrighted designs by displaying them on their website and giving them to customers like the Ochsenbines, and that the Ochsenbines' home was a result of independent creation rather than copying. (ECF Nos. 7, 9). Defendants also filed Counterclaims seeking a declaration that the copyrights are invalid or non-infringing, and damages for abuse of process. (ECF Nos. 6, 8). Defendant A.D. Baker also included a claim for commercial disparagement/trade libel. (ECF No. 6). Wayne Homes filed Answers to Defendants'

Counterclaims on January 17, 2019, seeking a declaration from the Court that the Counterclaims failed to state a claim and should be dismissed as a matter of law. (ECF Nos. 10, 11). They also filed a Response to the Motion to Dismiss, arguing that it had pleaded with sufficient detail, that the Ochsenbines and A.D. Baker had access to the copyrighted designs, that the Ochsenbines' home was substantially similar to the copyrighted designs, and that the copyrighted designs were original and not generic. (ECF No. 12). Defendants filed a Reply, arguing that Wayne Homes had not met the higher pleading standard required for copyright infringement cases and had not adequately addressed the issue of granting permission to use plans from the company website. (ECF No. 15). On September 11, 2019, Defendant A.D. Baker filed a Motion for Leave to File a Supplemental Motion to Dismiss, arguing Plaintiff's claims for unfair competition and unjust enrichment are collaterally estopped by *WH Midwest, LLC d/b/a Wayne Homes v. A.D. Baker Homes, Inc., et al.*, No. 5:18-cv-183, in the Northern District of Western Virginia. (ECF No. 24). On September 17, 2019, this Court granted A.D. Baker's Motion for Leave to File and gave Plaintiffs a response deadline of September 24, 2019. This matter is now ripe for review.

## II. ANALYSIS

### A. Legal Standard

This Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). The Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). This Court is not required, however, to accept as true mere legal conclusions unsupported by

4

factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman,* 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Sixth Circuit has held that "[c]opyright infringement, like anti-trust actions, lends itself readily to abusive litigation," and "[t]herefore, greater particularity in pleading, through showing 'plausible grounds,' is required." *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*, 299 F. App'x 509, 512 (6th Cir. 2008), (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). This standard requires the plaintiff to plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Id.*

### B. Copyright Infringement Claim

A plaintiff in a copyright infringement suit must establish that: (1) ownership of a valid copyright that is the subject of the dispute; and (2) the defendant copied protectable elements of the copyrighted material. *See Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 581 (6th Cir. 2007) (citing *ATC Dist. Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700, 705 (6th Cir. 2005)); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522 (6th Cir. 2004). The first element can be established by proving ownership of certificates of registration of copyrighted material. *See Lexmark Int'l*, 387 F.3d at 529. Wayne Homes has pleaded sufficient facts to prove ownership, including copies of the copyright

registration for the Montgomery Craftsman and Alexandria home designs that have its name on them. (ECF No. 1 ¶¶ 8-12, Nos. 1-1, 1-2, 1-3).

Where there is no direct evidence of copying, the plaintiff may establish copying by showing that: (1) the defendant had access to plaintiff's copyrighted work; and (2) the defendant's work was substantially similar to plaintiff's copyrighted work. *See Lexmark Int'l*, 387 F.3d at 534. Wayne Homes meets the first prong, and has sufficiently pleaded that Defendants viewed the copyrighted home designs and had the opportunity to copy them. (ECF No. 1 ¶¶ 15-18, 20-23). Wayne Homes alleges that the Ochsenbines shared all of this information with A.D. Baker to assist in the construction of the Ochsenbines' home. (*Id.* at ¶ 31). Accepting these factual assertions as true, Wayne Homes has established that Defendants had access to the copyrighted material for purposes of surviving Defendants' motion to dismiss.

In evaluating substantial similarity, the Court employs a two-part test. First, the Court identifies and removes from consideration "unoriginal, unprotected elements—elements that were not independently created by the inventor, and that possess no minimal degree of creativity." *Kohus v. Mariol*, 328 F.3d 848, 855 (6th Cir. 2003) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991)). The standard for creativity is "extremely low" and "even a slight amount will suffice." *Feist*, 499 U.S. at 345 (1991). Features standard or required for a house such as the presence of doors and windows are generally not considered original and thus are not protected. *See Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, 302 F. Supp. 3d 933, 941 (N.D. Ohio 2018). The way that the creator composes and arranges such elements into a design, however, can be considered original and thus worthy of protection. *Id.* The second part of the test involves determining whether a lay observer would consider defendant's work to be "substantially similar" to the protectable elements of the plaintiff's work.

*Kohus*, 328 F.3d at 856. The inquiry should focus on the intended audience, which "will ordinarily be the lay public." *Id.* at 857.

The complaint sufficiently pleads that Defendants' work was substantially similar to Wayne Homes's copyrighted works to survive the motion to dismiss stage. (ECF No. 1 at ¶¶ 30, 32). Wayne Homes pleads that "[t]he Infringing House, as built by A.D. Baker, is substantially similar to the Wayne Homes' Montgomery Craftsman elevation" and that "the interior of the Infringing House contains design elements that are nearly identical to (or copies) of those found in the Wayne Homes Alexandria copyrighted plans and drawings." (ECF No. 1 at ¶ 32). The complaint includes a picture of the exterior of a home built according to the Montgomery Craftsman model as well as a picture of the exterior of the Ochsenbines' house for the lay observer to compare. (*Id.* at ¶¶ 21, 27).

Plaintiff have alleged sufficient facts at the Motion to Dismiss stage which, if taken as true, could state a claim for copyright infringement upon which relief can be granted. Accordingly, Defendants' Motions to Dismiss Plaintiff's copyright infringement claim are denied.

### C. Unfair Competition Claim

Plaintiff also alleges Defendants engaged in unfair competition in violation of The Lanham Act, 15 U.S.C. § 1125, by publishing photos on its website and leading the public to believe the copyrighted design is that of Defendants, rather than Wayne Homes. (ECF No. 1 at ¶ 51-52). As Defendants argue, and the Northern District of West Virginia recently decided, "a court should not entertain a false designation of origin claim where the claim is in substance a copyright infringement claim." *WH Midwest, LLC d/b/a Wayne Homes v. A.D. Baker, Inc., et al.*, No. 5:18-CV-183 at *13 (N.D. WV Sept. 4, 2019) (citing *Vogel v. Wolters Kluwer Health,*

*Inc.*, 630 F. Supp. 2d 585, 592 (M.D.N.C. 2008)). *See also Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 786 (S.D. Ohio 2009) ("as the Supreme Court noted in *Dastar,* the Lanham Act was not designed to protect originality and creativity. To the extent that Plaintiff alleges that Defendants have misappropriated his intellectual property, his recourse lies in an action for patent infringement, not false designation of origin or deceptive trade practices."). The Supreme Court has said, "in construing the Lanham Act, we have been 'careful to caution against misuse or over-extension' of trademark and related protections into areas traditionally occupied by patent or copyright." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33 (2003) (quoting *TraFix Devices, Inv. v. Marketing Displays, Inc.*, 532 U.S. 23, 29 (2001). Because Plaintiff's unfair competition allegations are not "qualitatively different" from their copyright infringement claim, Plaintiff's unfair competition claim is preempted by copyright law and Defendant's motion to dismiss is granted as to Plaintiff's unfair competition claim. *WH Midwest*, No. 5:18-cv-183 at **14-15.

### D. Unjust Enrichment Claim

Lastly, Plaintiff claims Defendants have been unjustly enriched by the benefits they received from their alleged infringement of Plaintiff's copyrighted works. Plaintiff's unjust enrichment claim is also preempted by the Copyright Act. *See Best v. AT&T Mobility, LLC*, No. 1:12-CV-564, 2015 WL 1125539, at *8 (S.D. Ohio Mar. 12, 2015) (not reported) (citing *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (holding that Section 301 of the Copyright Act preempts common law claims if "(1) the work is within the scope of the 'subject matter of copyright,' as specified in 17 U.S.C. §§ 102, 103; and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17

8

U.S.C. § 106.")); *see also WH Midwest*, No. 5:18-CV-183 at **16-17. Accordingly, this Court finds Defendants' motions to dismiss are granted as to Plaintiff's unjust enrichment claim.

### E. Issue Preclusion

In its Memorandum in Support of its Supplemental Motion to Dismiss the Complaint, Defendant A.D. Baker argues that Plaintiff's claims are precluded by *WH Midwest, LLC d/b/a Wayne Homes v. A.D. Baker, Inc., et al.*, No. 5:18-CV-183 (N.D. WV Sept. 4, 2019). There, Wayne Homes sued A.D. Baker, Matthew Black, Cayla Black, and Unknown Architect Number 1, making similar copyright infringement, unfair competition, and unjust enrichment claims regarding two different copyrights—the "Covington" home plan and the "Westport" home plan.

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies....'" *Montana v. United States*, 440 U.S. 147, 153 (1979) (quoting *Southern Pac. R.R. Co. v. United States*, 168 U.S. 1, 48–49, (1897)) (alterations in original). The party asserting issue preclusion must meet the following factors: "(1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have *resulted in a final judgment on the merits;* and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Georgia-Pac. Consumer Prod. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012) (quoting *Cobbins v. Tenn. Dep't of Transp.,* 566 F.3d 582, 589–90 (6th Cir.2009)).

Defendant A.D. Baker meets factors (2)-(4), so the question is whether the issue raised in this case is the precise issue decided by the Northern District of West Virginia. While the legal issues raised by the Plaintiff in West Virginia are largely the same, this case is not precluded because it involves a different set of facts, and an analysis of different copyrights. The copyright infringement claim involves a fact-specific analysis about "substantial similarity" between designs. Waynes Homes's lawsuit in West Virginia about the similarity of the "Covington" and "Westport" home plans to the Blacks' home does not preclude its lawsuit regarding the "Alexandria" and "Montgomery" models and their similarities to the Ochsenbines' home.

### F. Counterclaims

Defendants brought counterclaims for: 1) a declaration that Plaintiff's copyrights are invalid because they are unoriginal; 2) in the alternative, a declaration that the accused house and designs are non-infringing and/or that Plaintiff granted Defendants permission; 3) abuse of process; and 4) commercial disparagement/trade libel. (ECF Nos. 6, 8). Plaintiff's Answer requested the counterclaims be dismissed with prejudice for failure to state a claim. (ECF Nos. 10, 11). The Court evaluates Defendants' counterclaims under the same 12(b)(6) standard stated above.

Defendants have alleged sufficient facts to survive a Motion to Dismiss its first two counterclaims. The validity of the copyrights and whether the Defendants' home infringed on those copyrights are at the heart of this dispute. Defendants have pleaded that Wayne Homes's copyrighted designs are "basic single story home plans with no unique features." (ECF No. 6, 8 at ¶ 6). They have also pleaded that, in the event the copyright is valid, there is no infringement because Wayne Homes granted permission in its copyright notice for "individuals to download and view any house plans, drawings and brochures… for personal, non-commercial use and

purposes." (ECF No. 6 Ex. A). Construing the facts in the light most favorable to the moving party, Defendants have met their burden to survive a motion to dismiss these claims.

Defendants have failed to state a claim or relief with respect to their abuse of process and commercial disparagement claims. The elements of an abuse of process claim are: "(1) a legal proceeding has been commenced in proper form and with probable cause; (2) the proceeding has been perverted to attempt to accomplish an ulterior motive for which it was not designed; and (3) direct damage has resulted from the wrongful use of process." *Gliatta v. Tectum, Inc.*, 211 F. Supp. 2d 992, 1010 (S.D. Ohio 2002) (citing *Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir. 1999)). Abuse of process requires both an "ulterior motive" and "a further act in the use of process not proper in the regular course of conduct of the proceeding." *Id.* (quoting *Clermont Environmental Reclamation Co. v. Hancock*, 16 Ohio App. 3d 9, 11 474 N.E. 2d 357 (Clermont Co. 1984)).

Here, Defendants have failed to meet the elements of abuse of process as set forth in *Hahn*. They have not alleged sufficient facts to show either ulterior motive or wrongful use of process. They simply allege Plaintiff brought this litigation to "obtain profits." (ECF Nos. 6, 8 at ¶ 16). Plaintiff seeks damages in this case, but that alone is not an improper motive. And the filing of the copyright lawsuit, even if ultimately unsuccessful, is also not sufficient to show abuse of process. Plaintiff's Motion to Dismiss the abuse of process claim is therefore granted.

Defendant A.D. Baker also alleged Plaintiff engaged in commercial disparagement/trade libel under the Lanham Act, 15 U.S.C. § 1125(a). (ECF No. 6 at ¶¶ 20-24). To establish commercial disparagement under the Lanham Act, the claimant must prove: "(1) the [opposing party] has made false or misleading statements of fact concerning his product or another's; (2) the statement actually or tends to deceive a substantial portion of the intended audience; (3) the

11

statement is material in that it will likely influence the deceived consumer's purchasing decisions; (4) the advertisements were introduced into interstate commerce; and (5) there is some causal link between the challenged statements and harm to the [claimaint]." *Veracity Group, Inc. v. Cooper-Atkins Corp., Inc.*, No. 1:11-cv-526, 2012 WL 203415 at *5 (S.D. Ohio 2012) (not reported) (citing *Herman Miller, Inc. v. Palazzetti Imps. & Emps., Inc.*, 270 F.3d 298, 323 (6th Cir. 2001)).

A.D. Baker's counterclaim merely disputes Wayne Homes's legal claims regarding copyright infringement, unfair competition, and unjust enrichment. (ECF No. 6 at ¶ 20). It does not allege any facts to support the claim that Wayne Homes "has made false or misleading statements of fact." (*Id.*). Because A.D. Baker has failed to allege sufficient facts to meet the first element of the test, it has therefore failed to state a claim for commercial disparagement, and Plaintiff's motion to dismiss is granted with respect to this claim.

Plaintiff's Motion to Dismiss Defendants' Counterclaims are **GRANTED in part**, with respect to the abuse of process and commercial disparagement claims, and **DENIED in part**, with respect to the declarations of invalidity or non-infringement of copyright.

### III. CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss with respect to the unfair competition and unjust enrichment claims and **DENIES** Defendants' Motion to Dismiss with respect to the copyright infringement claim. (ECF Nos. 7, 9). The Court **GRANTS** Plaintiff's Motion to Dismiss with respect to the abuse of process and commercial disparagement claims and **DENIES** Plaintiff's Motion to Dismiss with respect to the declarations of invalidity

and non-infringement of copyright. (ECF Nos. 10, 11).

**IT IS SO ORDERED.**

                                                     s/Algenon L. Marbley
                                                   **ALGENON L. MARBLEY**
                                                   **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 24, 2019**